## Witmer *agaimst* Curtin.

Copies of the proceedings of county commissioners certified by the clerk of the commissioners and attested by the county seal are not competent evidence; the act of the 11th of April 1799 requires that such proceedings shall be signed and sealed by the commissioners.

ERROR to the common pleas of *Dauphin* county.

This was an action of debt by Roland Curtin surviving John Fleming and James Smith for the use of the Clearfield academy, against John Groff administrator of Abraham Witmer in which the following statement was filed:

"This suit is founded on a bond sealed and delivered by Abraham Witmer to the said Roland Curtin, John Fleming and James Smith, (which said John Fleming and James Smith are now deceased, leaving the said Roland Curtin, surviving obligee,) in the penalty of ten thousand dollars dated the 5th day of November, A. D. 1805, which said bond is conditioned among other things to pay or cause to be paid the sum of 1500 dollars for the use of the Clearfield academy, on the 1st day of May, 1812, and the said Roland Curtin avers that the said Abraham Witmer did not in his lifetime pay the said 1500 dollars, or secure the same according to the terms and conditions of his said bond. And the said Abraham Witmer having died, letters of administration with the will annexed were issued to said John Groff, the defendant named in this suit, which said John Groff has received assets belonging to the estate of said Abraham Witmer, deceased, sufficient to pay and satisfy the balance due on the bond aforesaid, and the said Roland now suggests that since the death of said Abraham, payments have been made on account of said bond, leaving the balance now due on the same the sum of nine hundred dollars with interest thereon from the 12th of February 1827, which with costs is claimed in this suit."

July 31, 1834.

BOND. "Know all men by these presents, that I, Abraham Witmer, of Lancaster township, in the county of Lancaster and commonwealth of Pennsylvania, am held and firmly bound unto Roland Curtin, John Fleming and James Smith, in the sum of ten thousand dollars, lawful money of the United States to be paid to the said Roland. Curtin, John Fleming and James Smith, or either of them, their or either of their attorney, heirs, executors, administrators or assigns, to which payment well and truly to be made, I bind myself, my heirs, executors and administrators, firmly by these presents: sealed with my seal, dated the fifth day of November, in the year of our Lord one thousand eight hundred and five.

[Witmer v. Curtin.]

Whereas, Thomas M'Kean, Esq., Governor of Pennsylvania, by letters under the great seal of this commonwealth, dated at Lancaster, the sixth day of April, in the year of our Lord one thousand eight hundred and five—appointed Roland Curtin, John Fleming and James Smith, or a majority of them, commissioners for the purpose of viewing and determining on the most eligible and proper situation for the seat of justice and public buildings in and for the county of Clearfield: And whereas, by an act of general assembly of this commonwealth, dated the fourth day of April in the year of our Lord one thousand eight hundred and five, it is made the duty of the commissioners so to be appointed " to take assurances by deed, bond or otherwise of any'lands, lots, moneys or other property, which hath been or may be offered for the use and benefit of the said county, either for the purpose of erecting public buildings, the support of an academy or other public use:" And whereas, the aforesaid commissioners, in pursuance of the power given them for that purpose have determined and fixed on, for the purpose aforesaid, a certain tract or parcel of land, the property of the said Abraham Witmer: And whereas, the said Abraham Witmer hath agreed to sell and convey in such manner and to such person or persons as may be hereafter legally appointed for that purpose, one lot in said town, for the purpose of having a court house thereon erected, one for jail, one for market house, three for an academy, and two pieces of ground for the public (as will appear marked on a general plan of said town.) And the said Abraham Witmer further agrees and engages to give his bond, or other security as may be required to such person as may be authorised to receive the same for the payment of three thousand dollars on the first day of May, which will be in the year of our Lord, one thousand eight hundred and twelve; one half thereof to be applied for the use of an academy or public school in said town, and one half for the purpose of erecting public buildings in said town.

Now the condition of the foregoing obligation is such, that if the before bounden Abraham Witmer, his heirs, executors, administrators or assigns shall, from time to time, and at all times, do keep and perform the aforesaid undertakings and agreements on his part, then and in such case, the above obligation to be void and of none effect, otherwise to be and remain in full force and virtue.

ABRAHAM WITMER, [L. S.]

*Krause,* for the plaintiff in error.
*McCormick,* for the defendant in error.

The assignment of errors and ground of defence are fully stated in the opinion of the court which was delivered by

HUSTON, J.—In the session of the legislature of 1804, 1805, Clearfield county was for certain purposes erected; it was not completely organized so as to have its own courts for many years afterwards.

v.—2 G

[Witmer v. Curtin.]

By the act of 4th of April 1805, (see pamphlet acts of that year, page 254,) the governor was authorised to appoint three commissioners to fix on a proper site for the seat of justice; and he appointed Roland Curtin, John Fleming and James Smith. It was a great enhancement of the value of a tract of land, to have the town at which the courts were to be held, (called the seat of justice,) located on part of it, and as several different places were offered for the situation of such town, the several owners were in the habit of offering parts of their land, or a sum of money, for public purposes. And by the act aforesaid, the above named commissioners were, as part of their duty, " to take assurances by deed, bond or otherwise, of any land, money, or other property, which hath been or may be offered for the use and benefit of said county, either for the purpose of erecting public buildings, the support of an academy, or other public use."

The commissioners undertook the duty, and, on the 20th of May 1805, reported that the old town of Chingcactamoes, (the property of Abraham Witner) situated, &c. &c., was the most eligible and proper situation for the seat of justice, and public buildings, and that they had laid out a town and received from Abraham Witmer his bond (annexed to their report) for the conveyance of certain lots, and payment of certain sums of money at the time, and for the purpose therein mentioned, (see that bond in statement of this case.) By it · Abraham Witmer engaged to give his bond or other security which may be required to such persons, as may be authorised to receive the same for the payment of 3000 dollars on the 1st of May 1812, one half thereof to be applied *to the use of the academy or public school of said town*, and the other half for the purpose of erecting public buildings at said town. He never gave any other bond.

The first commissioners of Clearfield county were elected in October 1812, in pursuance of an act of assembly passed in January 1812.

Previous to 1805 an act of assembly had been procured for establishing academies at the seat of justice in several counties; and in most of the counties of the state since 1805. These academies are under the direction of trustees, elected or appointed according to the provisions of the several laws, establishing such academies. The act establishing an academy in Clearfield was passed on the 7th of February 1827, and the trustees were organized in May 1827, as would appear from a case stated in Clearfield county, the copy of the record of which is given in evidence in this case.

At the trial of this cause the defendant admitted the execution of the bond by Abraham Witmer, but alleged payment of the sum of 2579 dollars in part of the sum of 3000 dollars in the years 1814, and 1815, and to prove such payments he produced the following certificates from the commissioners' office of Clearfield county:

Defendant then offered certificate from Lewis W. Smith, clerk of the commissioners of Clearfield county, dated April 24th, 1835, which

[Witmer v. Curtin.]

was objected to by the plaintiff, and was rejected by the court, to which defendant excepted and prayed the court to seal this bill of exceptions which is done accordingly.　　[L. S.]

Certificate referred to in the above bill.

Commissioners' office of Clearfield county, Pennsylvania.

Robert Collins,　　　　　　　　　　　　　　Dr.

October 1st, 1814.　To your note in favour of Abraham
　Witmer, of Lancaster county, for one hundred and
　twenty dollars and forty cents,　　　　　　　　$120 40
July 20th, 1815.　To order on Abraham Witmer, for six
　hundred dollars,　　　　　　　　　　　　　$600 00

Robert Collins,　　　　　　　　　　　　　　Cr.

By non acceptance of a part of Abraham Witmer's order,
　as per Witmer's letter dated the 2d of August 1815,　$400 00

The above is a true copy from the books of the commissioners of Clearfield county, of the account of Robert Collins with said county and of the money received by said Collins from Abraham Witmer, of Lancaster county, Pennsylvania, and charged to Robert Collins, and placed to the credit of Witmer at said dates.　In witness whereof, I have as clerk of the commissioners of Clearfield county, and by order of the board of commissioners, affixed the seal of said office and attested the same.　Attested,　　　LEWIS W. SMITH, Clerk.

April 24th, 1835.

Clearfield county, ss.　I, Joseph Boone, prothonotary of the court of common pleas in and for the county of Clearfield, do hereby certify that Lewis W. Smith, whose name is subscribed to the above certificate, is clerk to the board of commissioners of said county, regularly appointed and qualified, and that the above seal is the regular seal of of the said commissioners.　In testimony whereof I have hereunto set my hand and affixed the seal of the prothonotary's office at Clearfield town, the 24th day of April, A. D. 1835.

JOSEPH BOONE, Prothonotary.

Defendant then offered another certificate from the same, dated April 8th, 1835, which was objected to by the plaintiff, and rejected by the court, whereupon the defendant then prayed the court to seal this bill of exceptions, which is accordingly done.　　[L. S.]

Certificate referred to in the above bill.

Robert Maxwell, late commissioner of Clearfield county, in account with said county.

1813, June 4th.　To cash received of Abraham Wit-
　mer, -　　-　　-　　-　　-　　-　　- $1500 00
1814, October 4th.　　Do.　　on notes, &c.　　250 00
　　　　　　　　　　　　　　　　　　　　　　————
　　　　　　　　　　　　　　　　　　　　　　1750 00
　　　　　Interest,　　-　　-　　-　　-　　79 00
　　　　　　　　　　　　　　　　　　　　　　————
　　　　　　　　　　　　　　　　　　　　　　1829 00

[Witmer v. Curtin,]

Arthur Bell, late Treasurer of Clearfield county, 1815.

To cash received from Abraham Witmer, - - 250 00
   Do.        do.       - - - 200 00

Received by Robert Collins, - - - 2279 00

Clearfield county Commissioners' office, April 8th, 1835.

The above is a true copy from the books of the commissioners of Clearfield county, of the moneys received by said county by their officers from Abraham Witmer. Attested. LEWIS W. SMITH,
Clerk to the commissioners of Clearfield county.

These were the principal matters in contest here; and the objections to their admission were, 1. That they were only extracts of separate accounts, with the individuals named in them; 2. That they were not authenticated according to law; 3. That the commissioners had no authority to receive that portion of the money which was for the use of the academy, or public school.

As to the first, the accounts did show that the commissioners of Clearfield, had charged Robert Collins with 320 dollars 40 cents as received from Witmer, and Robert Maxwell with 1500 dollors in cash on the 4th of June 1803; and with 250 dollars received on notes the 4th of October 1814; and charged Arthur Bell with 250 dollars, and 200 dollars received by them severally from Abraham Witmer. It also appeared by other documents, that of the above, the 1500 dollars paid Maxwell the 4th of June 1813, were legally paid, as the half of his bond, which was to be applied to erect public buildings; but nothing on the face of the accounts as certified, went to show that the other payments were any of them on this bond; the order and receipts afterwards produced by defendant, showed that the 1500 dollars to Maxwell the 4th of June 1813, was on the bond. The defendant must have had orders on him and receipts for the other sums; nothing was offered to show why Witmer gave notes to Maxwell, or whether he had unseated lands, and the payments to Bell the treasurer were for taxes on them. All difficulty as to these papers is removed by referring to the act of the 11th of April 1799, section 26, Purdon's Digest 176.

"The commissioners of each county within this commonwealth shall have and use one common seal for the purpose of sealing their proceedings, and copies of the same when signed and sealed by the said commissioners, and attested by their clerk shall be good evidence of such proceedings on the trial of any cause, in any of the courts of this commonwealth."

Now these certificates were not *signed by the commissioners*, they were only attested by their clerk; they were therefore not legal evidence. There was another bill of exceptions to an order of two of the commissioners to Maxwell, and a receipt by him to Witmer for 400 dollars on account of the academy, on the 4th of October 1814, which was rejected by the court; but this becomes immaterial; because afterwards during the trial, the plaintiff admitted the receipt

of this money, and also of a further sum of 200 dollars, and gave the defendant credit for both these sums.

The error assigned in rejecting the evidence offered in the bills of exceptions is therefore not sustained.

The short extract of the charge of the court begins: "It is alleged by the defendant that the public buildings were not located on the lots contemplated by Abraham Witmer when he gave the bond in question, and for that reason there should be a deduction from the amount he agreed to pay; I have examined the bond in suit and the agreement recited in it. There is no stipulation contained therein that the public buildings of Clearfield county, shall be erected on any particular lot or lots." To which we add that as the public buildings were erected more than twenty years ago, and Abraham Witmer conveyed lots for the purpose, and the county built on them, neither party can now object to the place where they are located.

The third error was not spoken to by the counsel for the plaintiff, and there is nothing in it.

Judgment affirmed.